UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cr-00005-MOC-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CHRISTOPHER JAMES SHELTON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's letter dated November 2, 2018, in which he challenges the Bureau of Prisons calculation of credit for time served after, he contends, he completed earlier-imposed sentences in state court.

To the extent defendant seeks relief based on what he believes is an improper determination concerning his earlier state-court sentences and/or credit for time served, the relief sought by defendant is not to be found in this court, but, as a matter of law, through the Bureau of Prisons. In Setser v. United States, 132 S.Ct. 1463, 1468 (2012), the Supreme Court determined that a federal district court has the discretion to order a criminal defendant's sentence to run concurrently or consecutively to an anticipated but not yet imposed state sentence. That decision does not mean that this court determines whether to credit a criminal defendant for time served on an already imposed state sentence. As other courts have observed:

> there is no basis to conclude that the decision in Setser would authorize post-judgment modification of a sentence by this Court. Indeed, the decision in Setser contemplates that post-judgment adjustments, if necessary, will be addressed by the Bureau of Prisons.

1

United States v. Short, 2014 WL 645355, 1 (M.D.N.C. Feb. 18, 2014). Post-Setser, the Bureau of Prisons has continued to follow its procedures for determining credit. Brown v. Zych, No. 7:11CV605, 2012 WL 5386339 (W.D.Va. Nov. 1, 2012). Calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b), id. at 334-35, a decision which remains undisturbed by Setser.

Likewise, to the extent defendant seeks to challenge the credit given for time served prior to being sentenced in this matter, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334. While the court may include an instruction in its order that a defendant be given credit for any time served, only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35. If defendant is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 *in the district of confinement*. Thomas v. Whalen, 962 F.2d 358 (4th Cir.1992). Here, it appears that defendant is housed at FCI Edgefield, which is within the District of South Carolina.

\*\*\*

Finally, to the extent it may be helpful in pursuing his administrative remedies, the Court has reviewed the Final Presentence Report for any relevant information. In relevant part, the court record provides, as follows:

> Arrested on 5/25/2016, and detained in state custody for the same offense conduct as the instant offense. Arrested by federal authorities on 3/10/2017, pursuant to a Writ of Habeas Corpus. Remains in custody.

Final PSR (#21) at 1. Defendant may wish to provide such information to his Case Manager.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this Court in his letter, such relief is **DENIED WITHOUT PREJUDICE** as to exhausting his remedies with the Bureau of Prisons and filing a § 2241 action in the district of confinement after exhaustion of those remedies.

Signed: November 8, 2018

Max O. Cogburn Jr
United States District Judge